MAGEE *vs* ERWIN.

1. It is not important at what time an affidavit, which may be made in an application for bail, be filed—so it be made before the order for bail.
2. An issue, as to the sufficiency of the affidavit, required in an application for bail, *it seems*, should be decided by the Court, on inspection.
3. But where, in a case where such issue arose, a jury interposed between the issue and the judgment, it was held, that this Court would regard the verdict as a nullity, in respect to the sufficiency of the affidavit, and presume that judgment of the Court, upon the affidavit, was given.

This was a proceeding, by *scire facias* against bail, in the Circuit Court of Mobile. On the trial, judgment was given for the plaintiff; and to reverse that judgment, Magee prosecuted a writ of error to this Court.

A bill of exceptions, taken in the cause, showed that the defendant pleaded—First, *nul tiel* record to the recognizance of bail; Secondly, that Samuel G. Pilote, for whom it was alleged the said defendant executed the said supposed recognizance of bail, was compelled to sign and seal the said supposed recognizance of bail, in the said writ of *scire facias*, mentioned, and to procure the said defendant to execute the same, as his bail and surety; without the affidavit required by law having been previously made, by the plaintiff in the original action, against the said Pilote, or by the attorney or agent of said plaintiff. Thirdly, that the said writ was issued, and the order for bail was thereon endorsed, on the fifth day of De=

cember, 1829, and that the alleged oath, in writing, upon which the said order was made, was filed only on the seventh of the said month.

To the first plea the plaintiff took issue. To the second plea, he replied, there was a good and sufficient affidavit made, before the writ, in the said original action, issued: to the third plea, that the affidavit was made and sworn to on the 5th December, before the writ issued, and was filed on the 7th December, of the same year. To which last replication the defendant demurred, which was overruled.

On the trial of this cause, the plaintiff, in support of his second replication, insisted that the cause should be tried by a jury, to which the defendant objected, but to which the Court assented. It was then objected, by the defendant, that the affidavit referred to in the pleadings, was insufficient to authorise the said Pilote to be held to bail, in as much as it did not appear to have been taken before any person, authorised by law, to take the same; whereupon the counsel for the plaintiff, moved to introduce Basil Meslier, before whom the affidavit, aforesaid, purported to have been made, to prove that he was, at the time of taking the same, an acting justice of the peace of the County of Mobile—to which the defendant, by his counsel, objected; but which was admitted by the Court. To all which the defendant excepted.

*Elliott* & *Crawford*, for the plaintiff in error—*Hitchcock, contra.*

LIPSCOMB, C. J.—The action was on a *scire fa-*

*cias* against bail.  On the trial, the defendant plead three pleas—

1st. *Nul tiel* record, to recognizance of bail.

2nd. That the affidavit, required by law to be made, was not made.

3rd. That the writ issued with an indorsement for bail, on the 5th December, 1829, and that the alleged oath, on which the order to hold to bail, was founded, was not filed until the seventh of the same month.

To the first plea, the plaintiff below took issue.— To the second, he replied, that there was a good and sufficient affidavit, before the original writ, in the action, issued.

To the third plea he replied, that the affidavit was made on the 5th December, before the writ issued, and was filed on the 7th December.

The issue on the first plea was decided in favor of the plaintiff.  The defendant demurred to the replication to his third plea, and judgment was given in favor of the plaintiff.

It is not important, as we conceive, when the affidavit was filed, provided it was made before the order to hold to bail.  There was, therefore; no error in the judgment on the demurrer to the plaintiff's replication.

The issue on the second plea was directed by the Court to be tried by the jury, although the defendant objected to its being so disposed of.  On the trial of this issue, before the jury, an exception was taken to the affidavit offered in evidence; and the Court permitted Basil Meslier, Esq. before whom it purported to have been made, to be called, and to

prove, by himself, that he was an acting justice of the peace, at the time it was taken by him.

The case has been very imperfectly presented to us; but, from the brief statement of the plea and issue, it seems to us, that it should have been tried by the Court. The sufficiency of the affidavit should unquestionably have been determined, by the judge, from an inspection. This we conceive, however, not to be such an irregularity, as will be sufficient ground for a reversal of the judgment.

The fact that a jury had interposed between the issue and the judgment, can not vary its result. It must still be considered the judgment of the Court. And we may treat the verdict as a nullity: that could not, in any event, have influenced the judgment. It does not appear that any evidence went to the jury, that the judge alone was not competent to pass on; and we will infer, that he did so pass on its legal effect.

The plea could only be tried by the production of the affidavit, if not lost or destroyed. The affidavit is not before us, and we can not determine whether the testimony of Meslier, the justice of the peace, was properly received, or not.

The judgment must be affirmed.